IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

MAY 1 1 2010

CLERK, U.S. DISTRICT COURT
By _____
        Deputy

JULIE E. GARRETT,                    §
                                     §
          Plaintiff,                 §
                                     §
VS.                                  §    NO. 4:10-CV-122-A
                                     §
PRIME TRANSPORT, INC., ET AL.,       §
                                     §
          Defendants.                §


MEMORANDUM OPINION
and
ORDER

Before the court are two motions to dismiss the amended complaint of plaintiff, Julie E. Garrett, for failure to state a claim upon which relief can be granted.  Defendant Prime Transport, Inc. ("Prime") filed one motion.  Defendants Dalbo Holdings, Inc. and Dalbo, Inc. (collectively, "Dalbo") filed the other.[1]  Having reviewed plaintiff's amended complaint, both motions to dismiss, plaintiff's responses to the motions, and

---

[1]Dalbo's motion was styled a "Rule 12(b)(6) Motion to Dismiss or, Alternatively, Rule 12(c) Motion for Judgment on the Pleadings."  The difference between a motion to dismiss brought pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure and a motion for judgment on the pleadings brought pursuant to Rule 12(c) is one of timing.  A motion to dismiss pursuant to Rule 12(b)(6) must be brought "before pleading," whereas a motion for judgment on the pleadings cannot be brought until "[a]fter the pleadings are closed."  Because Dalbo filed its motion before filing a pleading, the court considers it to be a motion to dismiss brought pursuant to Rule 12(b)(6).  In any event, the standards for deciding motions brought pursuant to Rule 12(b)(6) and Rule 12(c) are identical.  Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co., 313 F.3d 305, 313 & n.8 (5th Cir. 2002).

applicable legal authorities, the court concludes that the motions should be granted and that plaintiff's claims against Prime and Dalbo should be dismissed.

I.

Factual & Procedural Background

Plaintiff alleges that on January 15, 2007, she was involved in a motor vehicle collision in Fort Worth, Texas, with a truck driven by Kyle Story ("Story"), acting in the scope of his employment for Prime, causing her to suffer bodily injury and damages, Am. Compl. at 3-4, ¶ 6, and that at the time of the collision the truck was pulling a trailer for Dalbo, id.

On October 24, 2008, plaintiff filed a lawsuit in the United States District Court for the Western District of Oklahoma against Prime, Dalbo, Story, and three liability insurers (the "Oklahoma action"). Id. at 2, ¶ 1; Prime's Mot. to Dismiss, App. at 2-8. As in the instant action, plaintiff asserted causes of action against Prime, Dalbo, and Story for negligence arising from the January 15, 2007, collision. Am. Compl. at 2, ¶ 1; Prime's Mot. to Dismiss, App. at 2-8. On July 23, 2009, the Oklahoma court dismissed plaintiff's claims against Prime and Story for lack of personal jurisdiction. Garrett v. Prime

Transp., Inc., No. 5:08-CV-1138-R (W.D. Okla. July 23, 2009);

Prime's Mot. to Dismiss, App. at 10-13.  In the order of

dismissal, the court stated that "[Defendants] are not entitled

to judgment on the merits of this action, and this dismissal is

without prejudice to Plaintiff seeking relief in the appropriate

forum."  Garrett, No. 5:08-CV-1138-R, slip op. at 4; Prime's Mot.

to Dismiss, App. at 13.  Thereafter, plaintiff moved to

voluntarily dismiss her claims against Dalbo.  Pl.'s Resp. to

Dalbo's Mot. to Dismiss, App. at 25.  The Oklahoma court granted

that motion by an order dismissing those claims without prejudice

on October 29, 2009.  Id. at 26.  The October 29, 2010, order of

dismissal finally concluded the Oklahoma litigation by dismissing

all claims and causes of action asserted by all remaining

parties.

Plaintiff filed her complaint initiating this action on

February 22, 2010, naming Prime, Dalbo, and Story, as

defendants,[2] alleging the same facts and causes of action she

alleged against those defendants in the Oklahoma action.  She

filed her amended complaint on March 8, 2010, alleging the same

liability facts.

---

[2]The court has not received proof of service of process on Kyle Story, and he has not answered plaintiff's amended complaint or otherwise appeared in this action.

3

Dalbo filed their motion to dismiss on March 25, 2010, and Prime followed with its motion on April 12, 2010.  The ground of each motion is that plaintiff's claims and causes of action are barred by the Texas two-year statute of limitations.

II.

Applicable Motion to Dismiss Principles

A statute of limitations defense may be properly asserted in a motion to dismiss for failure to state a claim.  Nationwide Bi-Weekly Admin, Inc. v. Belo Corp., 512 F.3d 137, 141 (5th Cir. 2007).  The court should grant a motion to dismiss based on a limitations defense when it is evident from the face of the plaintiff's pleadings that the action is barred and that no basis for tolling exists.  Jones v. Alcoa, Inc., 339 F.3d 359, 366 (5th Cir. 2003).

Although a motion to dismiss for failure to state a claim normally is decided on the basis of the contents of the complaint and any attachments thereto, there are circumstances in which documents the defendant attaches to a motion to dismiss can be considered.  Collins v. Morgan Stanley Dean Witter, 224 F.3d 496, 498-99 (5th Cir. 2000).  Such a motion may permissibly refer to and rely upon documents that are mentioned in the plaintiff's

4

pleadings, as well as matters of public record, such as papers filed in other litigation.  Id.; Cinel v. Connick, 15 F.3d 1338, 1343 n.6 (5th Cir. 1994).

Prime and Dalbo rely on, and Prime has attached to its motion, permissible material--namely, plaintiff's complaint in the Oklahoma action and the orders dismissing them from that action.  Plaintiff apparently agrees that such items are appropriate for consideration by the court, as she also relies in her response on documents filed in the Oklahoma action.

III.

Analysis

In a diversity action such as this, the court applies the Texas statute of limitations.  Ellis v. Great Sw. Corp., 646 F.2d 1099, 1102-03 (5th Cir. Unit A June 1981) (citing Erie R.R. Co. v. Tompkins, 304 U.S. 64 (1938); Guaranty Trust Co. v. York, 326 U.S. 99 (1945); Klaxon Co. v. Stentor Elec. Mfg. Co., 313 U.S. 487 (1941)).  In Texas, the statute of limitations for personal injury actions is two years.  Tex. Civ. Prac. & Rem. Code Ann. § 16.003(a) (Vernon Supp. 2009); Salahat v. Kincaid, 195 S.W.3d 342, 343 (Tex. App.--Fort Worth 2006, no pet.) (applying two-year statute of limitations to negligence claims arising from

automobile collision).  Plaintiff's causes of action against

Prime and Dalbo accrued on January 15, 2007, the date of the

collision.  As a result, absent a tolling of the statute of

limitations, the Texas statute required plaintiff to bring this

suit asserting those causes of action on or before January 15,

2009, more than thirteen months before this action was filed on

February 22, 2010.

Plaintiff does not allege in her complaint, as amended, any

tolling theory.  In her responses to the motions to dismiss, she,

without citation of any meaningful supporting authority, urges

the theory that this court should treat this action as having

been initiated by the filing by plaintiff of her suit in Oklahoma

on October 24, 2008.  An ingredient of plaintiff's theory is that

this court should make-believe that the court in Oklahoma

transferred the Oklahoma litigation to this court, and that the

instant action is the same action that was commenced by plaintiff

in Oklahoma in October 2008.

Plaintiff makes reference in her responses to the Texas

savings statute, section 16.064 of the Texas Civil Practice and

6

Remedies Code.[3]   That section reads as follows:

> (a) The period between the date of filing an action in
> a trial court and the date of a second filing of the
> same action in a different court suspends the running
> of the applicable statute of limitations for the period
> if:
>
> > (1) because of lack of jurisdiction in the
> > trial court where the action was first filed, the
> > action is dismissed or the judgment is set aside
> > or annulled in a direct proceeding; and
> >
> > (2) not later than the 60th day after the date
> > the dismissal or other disposition becomes final,
> > the action is commenced in a court of proper
> > jurisdiction.
>
> (b) This section does not apply if the adverse party
> has shown in abatement that the first filing was made
> with intentional disregard of proper jurisdiction.

Tex. Civ. Prac. & Rem. Code Ann. § 16.064 (Vernon 2008).

The Texas savings statute would provide plaintiff comfort as
to her claim against Prime if she had asserted, and could
successfully contend, that she filed the instant action not later
than the sixtieth day after the dismissal order as to Prime for
lack of personal jurisdiction became final.   Plaintiff does not
even assert that she made a timely refiling under section 16.064.
Rather, she uses the savings statute by weaving it into her

---

[3]Actually, plaintiff makes reference in her responses to an earlier version of the Texas savings
statute, Article 5539a of the Texas Revised Civil Statutes Annotated. Pl.'s Am. Resp. to Dalbo's Mot. at
8; Pl.'s Resp. to Prime's Mot. at 8.

Proposition II request that this "Court Should Hold its Ruling on this Motion in Abeyance So That Plaintiff May Refile Her Case in the Western District of Oklahoma, and Move the Court to Transfer the Case Pursuant to 28 U.S.C. § 1631."  Pl.'s Am. Resp. to Dalbo Mot. at 8; Pl.'s Resp. to Prime Mot. at 8.  Needless to say, the court does not consider appropriate plaintiff's suggestion that this court hold its ruling on the motions in abeyance; and, this court declines to do so.  Plaintiff cannot benefit from section 16.064 as against Dalbo for the further reason that the dismissal in Oklahoma of the claims against Dalbo was not based on "lack of jurisdiction in the trial court where the action was first filed," which is a prerequisite to applicability of section 16.064.

Plaintiff pitches her make-believe case-transfer argument on 28  U.S.C. § 1631, which, in pertinent part, provides that if a federal court finds that

> there is a want of jurisdiction, the court shall, if it
> is in the interest of justice, transfer such action
> . . . to any other such court in which the action . . .
> could have been brought at the time it was filed . . .,
> and the action . . . shall proceed as if it had been
> filed in . . . the court to which it is transferred on

the date upon which it was actually filed in . . . the court from which it is transferred.

Apropos in response to plaintiff's make-believe case-transfer theory is the reasoning of the United States District Court for the District of Columbia in <u>Jovanovic v. US-Algeria Business Council</u>, 561 F. Supp. 2d 103, 111-12 (D.D.C. 2008), as follows:

> Here, as noted above, Judge Dennis M. Cavanaugh of the United States District Court for the District of New Jersey <u>dismissed</u> (rather than transferred) Plaintiff's previous claims against [defendant] for lack of personal jurisdiction in April 2006. Significantly, Plaintiff never requested that the District of New Jersey transfer his claims against [defendant] to this court, and the District of New Jersey did not opt to transfer those claims <u>sua sponte</u>. Thus, while the District of New Jersey <u>might</u> have transferred Plaintiff's claims against [defendant] to this district pursuant to 28 U.S.C. § 1631, it did not do so. . . .

> Plaintiff essentially asks this Court to overrule the District of New Jersey's discretionary decision not to transfer Plaintiff's claims against [defendant] or, in the alternative, to treat Plaintiff's claims as if the District of New Jersey had transferred them. As the First Circuit noted when faced with a similar request, however, this Court is aware of no legal authority that would permit one District Court to review another District Court's decision not to transfer. Further, as the D.C. Circuit explained when faced with a similar situation, while the District of New Jersey possessed authority to transfer this action in the "interest of justice," it did not choose to do so. Absent a transfer, the petition is now time-barred

and the court is without authority to extend the
limitations period.

Id. at 112-13 (brackets, citations, and internal quotation marks
omitted).

The Jovanovic reasoning is equally applicable here.  The
Oklahoma court did not transfer plaintiff's claims against Prime
and Dalbo, it dismissed them.  The mere fact that the dismissals
were without prejudice to refiling does not convert the
dismissals into transfers.

To whatever extent plaintiff maintains that the Oklahoma
court was obligated by the language of § 1631 to transfer the
actions, she fails to take into account the discretionary "if it
is in the interest of justice" part of the statute.  The interest
of justice did not require transfer of the Oklahoma action as
against Prime to this court inasmuch as limitations, as tolled by
the Texas savings statute, had not run at the time of the
dismissal of Prime.  By reason of section 16.064, plaintiff had
sixty days after the dismissal became final within which to
refile her case against Prime in this court.  Plaintiff's
suggestion that the claims against Dalbo should be deemed to have
been transferred is even more incredible, bearing in mind that

10

those claims were not dismissed for want of jurisdiction--thus
neither section 16.064 nor § 1631 is applicable.

For the reasons given above, the court has concluded that,
as a matter of law, the record shows that plaintiff's claims
against Prime and Dalbo are barred by the Texas two-year statute
of limitations.

IV.

ORDER

Therefore,

The court ORDERS that the motions to dismiss of Prime and
Dalbo be, and are hereby, granted, and that all of plaintiff's
claims and causes of action against Prime and Dalbo be, and are
hereby, dismissed.

The court determines that there is no just reason for delay
in, and hereby directs, entry of final judgment as to such
dismissals.

SIGNED May 10, 2010.

_____
JOHN McBRYDE
United States District Judge

11